UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A.R.D. AS MOTHER, LEGAL GUARDIAN AND NEXT FRIEND OF MINOR CHILDREN J.D.(3RD) AND J.D.(5TH), et al., | ) CASE NO. 5:13 CV 0307 ) ) ) JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) ORDER |
| v. | ) |
| ST. PAUL CATHOLIC SCHOOL, et al., | ) |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for ex parte temporary restraining order. Doc. 3. This Court finds that a temporary restraining order is unnecessary and DENIES Plaintiffs' motion.

I. Facts

On February 12, 2013, Plaintiffs, two minor children, filed suit against Defendants alleging breach of contract and violations of 42 U.S.C. § 1973, Section 504 of the Rehabilitation Act of 1973 and the Civil Rights Act of 1964. On February 20, 2013, Plaintiffs moved for a temporary restraining order requesting that they be allowed to continue attending school at Defendant St. Paul Catholic School pending the resolution of the matter. Plaintiffs also seek to enjoin Defendants from causing them to lose their educational scholarships and from "committing any further discriminatory acts and conduct relating to [them.]" On March 8, 2013, Defendants filed a notice indicating that the requested relief may be moot by virtue of an offer of re-enrollment. On March 21, 2013, Plaintiffs responded to the notice asserting that a TRO is needed despite their re-enrollment in school to ensure that they are not discriminated against.

II. Law and Analysis

> When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:
>
> (1) whether the movant has a 'strong' likelihood of success on the merits;
>
> (2) whether the movant would otherwise suffer irreparable injury;
>
> (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (*quoting Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of a preliminary injunction. *See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998). Moreover, a plaintiff must present clear and convincing evidence in support of the four factors. *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267–68, 747 N.E.2d 268 (Ohio Ct.App. 2000).

The failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors. *See Hacker v. FBOP*, 2006 WL 2559792, *8 (E.D.Mich. Sept.1, 2006) (Lawson, J.) ("The failure to demonstrate irreparable harm is fatal to the petitioner's request for a preliminary injunction. Therefore, the Court need not evaluate the other factors."). *Forster v. Schofield*, 2011 WL 4915804, at *5 (M.D.Tenn. Oct.17, 2011) ("The failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors."). The United States Supreme Court has explained that:

> Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction. *Los Angeles v. Lyons*, 461 U.S. 95, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); see also 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 139 (2d ed.1995) (hereinafter Wright & Miller) (applicant must demonstrate that in the absence of a preliminary injunction, "the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered"); *Id.*, at 155, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury"). Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (per curiam).

*Winter v. Natural Resources Defense Council, Inc*. 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

The Court concludes that Plaintiffs have failed to show the likelihood of irreparable injury if the Court were to deny the requested injunction. Injunctive relief is only available when legal remedies are shown to be inadequate. *Celebrezze*, at 290. Plaintiffs have failed to establish that they have no legal remedy to make them whole. The minor children have been re-enrolled in the school and have failed to demonstrate that Defendant St. Paul Catholic School has indicated any intent to terminate that enrollment.

Additionally, Plaintiffs seek to enjoin Defendants from committing any future discriminatory acts against them. First, Plaintiffs have failed to demonstrate, at this time, that they have been discriminated against. Second, Plaintiffs have failed to show the likelihood of future discrimination should the injunction not be granted. The Court believes that the initiation of this litigation has brought the acts of the Defendants into full view of the Court and that a

temporary restraining order is not necessary to prevent any irreparable harm upon the minor children.

III. Conclusion

Plaintiffs' failure to demonstrate any likelihood of irreparable harm is fatal to their request for a temporary restraining order. As such, Plaintiffs' motion is DENIED.

IT IS SO ORDERED.

  April 30, 2013  				 ____/s/ Judge John R. Adams_____
Date						JUDGE JOHN R. ADAMS
						UNITED STATES DISTRICT COURT